UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADAM YEOMAN,

           Petitioner,

v.                                         Case No. 14-CV-225

WILLIAM POLLARD,

           Respondent.

## ORDER

In 2011, petitioner Adam Yeoman pleaded no contest to one count of first-degree intentional homicide. (ECF No. 35-1 at 1.) He is currently incarcerated at Waupun Correctional Institution in Dodge County, Wisconsin. On July 2, 2014, Yeoman filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 22.) Respondent William Pollard is the warden of Waupun Correctional Institution. On February 9, 2015, Pollard filed a Motion to Dismiss Yeoman's amended habeas petition. (ECF No. 34.) The parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 26, 27), and the motion to dismiss is ready for resolution.

Exhaustion of state remedies is a prerequisite to consideration of each claim sought to be presented in a federal habeas petition. *Rhines v. Weber*, 544 U.S. 269, 273-74

(2005). Every level of state court must be given a "full and fair opportunity" to adjudicate each of the petitioner's constitutional claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998) (citing *Picard v. Connor*, 404 U.S. 270, 276 (1971)). A petition for a writ of habeas corpus cannot be granted if it contains even a single claim for which the petitioner has not exhausted his state remedies. The exhaustion requirements set forth in § 2254(b)(1) are non-jurisdictional defenses. *See Trest v. Cain,* 522 U.S. 87, 90 (1997); *see also Price v. Thurmer*, No. 03-C-849, 2009 WL 3481891, at *10 (E.D. Wis. Oct. 21, 2009) *aff'd,* 637 F.3d 831 (7th Cir. 2011).

The claims in Yeoman's petition can be segregated into two groups: those claims about which Pollard has not raised the exhaustion issue and those claims about which Pollard contends Yeoman has not exhausted his state court remedies.

Claims one, two, and three of the amended petition relate to appellate counsel's alleged failure to file a petition for review with the Wisconsin Supreme Court. (ECF No. 22 at 7-9.) When District Judge J.P. Stadtmueller screened Yeoman's initial petition pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, he stated that it was "difficult to determine whether Yeoman exhausted these claims." (ECF No. 5 at 6.) In Pollard's motion to dismiss, he does not raise the exhaustion issue with regard to these claims but instead asserts that they fail to state a claim upon which habeas relief may be granted.

Claims four, five, and six constitute the remainder of Yeoman's habeas petition. These claims assert that (4) Yeoman did not knowingly and voluntarily enter a no contest plea, (5) counsel at trial provided ineffective assistance, and (6) counsel on direct appeal provided ineffective assistance. (ECF No. 22 at 10-11.) Pollard argues in his motion to dismiss that Yeoman has not exhausted his state court remedies with respect to these claims. (ECF No. 35 at 15.) The record cited by Pollard supports his argument. (*See, e.g.*, ECF No. 35-9 (failing to raise the plea withdrawal claim—claim four in the amended habeas petition—in his petition for review with the Wisconsin Supreme Court).) In his response to Pollard's motion to dismiss, Yeoman failed to address Pollard's exhaustion argument. As such, he has waived any response that he might otherwise have to Pollard's exhaustion argument. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument…results in a waiver."); *see also County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006).

Thus, Yeoman's amended habeas petition contains three claims for which exhaustion is not an issue and three claims that have not been exhausted in state court. When a petition contains claims for which the petitioner has exhausted his state court remedies as well as those for which he has not, the petition is called a "mixed" petition. *Rhines*, 544 U.S. at 273 (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A federal court cannot grant a mixed petition. *Id.*; *see also* 28 U.S.C. § 2254(b)(1)(A) (Habeas petitions may be granted only when "the applicant has exhausted the remedies available in the courts of

the State."). As such, the court may not proceed any further with Yeoman's petition in its present form.

Yeoman has two choices. *See Rose*, 455 U.S. at 514-20; *see also Hamilton v. Meisner*, 841 F. Supp. 2d 1064, 1069 (E.D. Wis. 2012). He may amend his petition to remove the three unexhausted claims; the court would then address Pollard's motion to dismiss with respect to the remaining claims. Alternatively, Yeoman may return to state court to exhaust his state court remedies for all of his claims. If he chooses to do the latter, however, his current habeas petition will be dismissed unless he shows "good cause" for staying this matter and holding his petition in abeyance. *See Rhines*, 544 U.S. at 275-277. Dismissal as opposed to a stay can be significant: if the statute of limitations expires during the time that Yeoman returns to state court for consideration of his unexhausted claims, dismissal of the present proceeding could result in the loss of all of his claims, including those already exhausted. *See* 28 U.S.C. § 2244(d)(1).

**IT IS THEREFORE ORDERED** that Petitioner must inform the court by July 7, 2015 whether he intends to withdraw his unexhausted claims from his habeas petition. If not, and Petitioner chooses to return to state court to exhaust his state remedies with respect to claims four through six, he may attempt to offer good cause for staying the current proceedings and holding his petition in abeyance until he exhausts his state court remedies with regard to claims four through six.

Dated at Milwaukee, Wisconsin this 17th day of June, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge