# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ADAM YEOMAN,

                Petitioner,

      v.                                                    Case No. 14-CV-225

WILLIAM POLLARD,

                Respondent.

## ORDER

Petitioner Adam Yeoman is currently incarcerated at Waupun Correctional Institution in Dodge County, Wisconsin, following his plea of no contest to first degree intentional homicide. (ECF No. 35-1 at 1.) On July 2, 2014, Yeoman filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 22.) On February 9, 2015, respondent William Pollard moved to dismiss Yeoman's amended petition. (ECF No. 34.)

On July 17, 2015, the court found that Yeoman has not exhausted his state court remedies for three of his six claims for habeas relief (a so-called "mixed petition"). Because Yeoman's petition contained claims that were unexhausted, the court could not decide the merits of any of his claims. The court presented Yeoman with two options.

First, he could amend his petition and proceed with the three claims for which he has exhausted his state court remedies. Or he could return to state court to exhaust his state court remedies. Yeoman has chosen the latter route, and requests that the court stay his petition and hold it in abeyance while he returns to state court.

## ANALYSIS

A district court may stay a mixed habeas petition and hold it in abeyance while the petitioner exhausts state-court remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). The purpose of the stay and abeyance procedure is to ensure that the one-year limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not expire pending exhaustion of claims in state court. However, a stay and abeyance is available only when (1) there was good cause for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner did not engage in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78.

The one-year clock for Yeoman to file his habeas petition began to run on February 1, 2011, when his state court judgment became final. (ECF No. 35-1.) It was tolled for certain periods while he sought post-conviction relief in state court. 28 U.S.C. § 2244(d)(2). The clock resumed running on February 19, 2014, when the Wisconsin Supreme Court denied his petition for collateral review (ECF No. 35-10), continued to run while he pursued habeas relief in this court, *see Duncan v. Walker*, 533 U.S. 167, 172

(2001) (holding "a properly filed federal habeas petition does not toll the limitation period"), and has since expired. Thus, dismissing Yeoman's habeas petition so he could exhaust his state court remedies would have the effect of barring him from subsequently pursuing his habeas claims in federal court. With this in mind, the court turns to whether Yeoman has satisfied the criteria for staying his petition and holding it in abeyance.

Yeoman has met the latter two requirements necessary for the court to grant a motion for stay and abeyance. As far as the court can tell given the limited record on Yeoman's unexhausted claims, they are not plainly meritless (which is not to say that the court finds that the claims do, in fact, have merit). Nor is there evidence that Yeoman engaged in intentionally dilatory litigation tactics. The decision whether to grant a stay and abeyance turns on whether Yeoman has shown good cause for his failure to exhaust his claims in state court. Claims Four, Five, and Six of Yeoman's petition were unexhausted and assert, respectively, that (4) Yeoman did not knowingly and voluntarily enter a no contest plea, (5) trial counsel provided ineffective assistance, and (6) appellate counsel provided ineffective assistance. (ECF No. 22 at 10-11.)

Yeoman appears to admit that his failure to exhaust Claims Four through Six was intentional. He wanted a federal court to decide whether he was entitled to representation on his direct appeal to the Wisconsin Supreme Court (essentially the basis of his claims for which he *did* exhaust his state court remedies) before he returned

3

to state court to exhaust his remaining claims. However, as indicated in a prior order, the court cannot grant a petitioner any relief that is presented in a mixed petition. *Rhines*, 544 U.S. at 273; *see also* 28 U.S.C. § 2254(b)(1)(A). Thus, although Yeoman may have thought that his strategy was sound, it was not, and he has not demonstrated good cause for his failure to exhaust all of his claims in state court. Moreover, as courts have repeatedly noted, a petitioner's lack of legal knowledge or status as a pro se litigant cannot establish good cause. *Eison v. Baenen*, No. 12-CV-932, 2013 WL 1067989, at *3 (E.D. Wis. Mar. 14, 2013); *Brummett v. Clark,* No. CIV S–07–0379, 2007 WL 1302503, *1 (E.D. Cal. May 1, 2007); *Johnson v. Sullivan,* No. CV04–7923ABC, 2006 WL 37037, *3 (C.D. Cal. Jan. 4, 2006)); *but see Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (holding confusion over whether state post-conviction was properly filed ordinarily constitutes good cause). Otherwise, "virtually any prisoner could make this showing." *Powells v. Pollard*, No. 12-CV-824-JPS, 2013 WL 1878893, at *2 (E.D. Wis. May 3, 2013) (quoting *Johnson v. Huibregtse*m, No. 07–cv–674, 2008 WL 4621345, *7 (W.D. Wis. March 14, 2008)); *Jackson v. Baenen*, No. 12-CV-00554, 2012 WL 5988414, at *2 (E.D. Wis. Nov. 29, 2012).

Alternatively, a petitioner may be able to establish good cause by showing that, because of his counsel's ineffective assistance, he could not exhaust his state court remedies. *See, e.g.*, *Morris v. Bertrand*, No. 03-C-1078, 2008 WL 2412948, at *2 (E.D. Wis. June 12, 2008) ("Because of the alleged actions of the petitioner's counsel, the petitioner was unable to participate in his own appeal."); *Dismuke v. McCaughtry*, No. 04-C-1126,

2006 WL 3512951, at *1 (E.D. Wis. Dec. 4, 2006). In this case, Yeoman does not assert that his counsel's alleged ineffective assistance in any way delayed or undermined his ability to exhaust his claims on *collateral review*. He could have exhausted all of his claims but instead chose to limit his collateral review to his three now-exhausted claims in the hope that the court would grant part of his petition. Accordingly, he has not sought any remedy in state court since February 2014. The court finds that Yeoman has not shown good cause for failing to exhaust his claims, and, therefore, his motion to stay his habeas petition and hold it in abeyance is denied.

At this juncture, the court could offer Yeoman another opportunity to amend his petition to strike Claims Four, Five, and Six and proceed with only those claims (Claims One, Two, and Three) for which he exhausted his state court remedies. However, doing so would not accomplish anything. *Lobley v. Humphreys*, No. 09-C-877, 2009 WL 4730823, at *4 (E.D. Wis. Dec. 7, 2009) (finding that granting leave to amend petition would result in unnecessary delay when exhausted claims are meritless). Claims One, Two, and Three assert that Yeoman's retained appellate counsel was ineffective for not filing with the Wisconsin Supreme Court either a petition for review or a no-merits report pursuant to Wis. Stat. § 809.32. (ECF No. 24 at 6-7.) However, "a defendant has no constitutional right to counsel to pursue discretionary state appeals." *Lucien v. Welborn*, 46 F.3d 1133 (7th Cir. 1995); *United States ex. rel. Simmons v. Gramley*, 915 F.2d 1128, 1136-37 (7th Cir. 1990) (citing *Ross v. Moffitt*, 417 U.S. 600, 610 (1974)). And because

5

Yeoman had no right to counsel's assistance, he had no right to effective counsel in submitting the petition for review. *Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000) (quoting *Wainwright v. Torna*, 455 U.S. 586, 587 (1982)). Nor has the United States Supreme Court clearly established a Fourteenth Amendment right for retained counsel to provide a no-merits petition. *See* 28 U.S.C. § 2254(d)(1); *see also Knight v. Pollard*, No. 09-CV-18-BBC, 2009 WL 2777661, at *1 (W.D. Wis. Aug. 28, 2009). Therefore, even if the court gave Yeoman the opportunity to amend his petition to pursue only Claims One, Two, and Three, they would have been dismissed for failing to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Stay Petition and Hold in Abeyance (ECF No. 43) is **denied**.

**IT IS FURTHER ORDERED** that petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 22) is **dismissed** with prejudice. The court will not issue a certificate of appealability. The Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 28th day of July, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge